# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DUSTIN L. STARNER**
**United States Army, Appellant**

ARMY 20140370

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
John T. Rothwell and Charles A. Kuhfahl Jr., Military Judges
Colonel Scott F. Young, Staff Judge Advocate
Colonel John A. Hamner, Staff Judge Advocate (new post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on brief); Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on reply brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Ryan T. Yoder, JA (on supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Major Diara Z. Andrews, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne Hsieh, JA; Major Diara Z. Giles, JA (on supplemental brief).


3 April 2017

---------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
---------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HERRING, Judge:

Reviewing appellant's case for the second time, we find the government again caused error in the post-trial processing by: 1) soliciting a second statement from the victim, 2) providing to the convening authority a statement from an acquaintance of the victim; 3) providing incorrect advice to the convening authority; and 4) exceeding the presumptive timeline for post-trial processing.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of rape, sexual assault, and forcible sodomy, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925

(2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

On 25 July 2016, this court set aside the convening authority's initial action and returned this record of trial for a new staff judge advocate recommendation (SJAR) and action by the same or different convening authority.  *United States v. Starner*, ARMY 20140370, 2016 CCA LEXIS 456 (Army Ct. Crim. App. 25 Jul. 2016) (summ. disp.).  We did so because we could not determine from the record whether the victim's statement was provided to the convening authority or whether appellant was provided an opportunity to comment on the victim's statement at any time prior to action.  The government, instead of following this court's clear direction to ensure the convening authority reviewed the victim's statement, solicited a second statement from the victim.  In response, the government received a new statement from the victim as well as one from an acquaintance of the victim.  Both of these supplemental statements and the SJAR were provided to the convening authority, who took action on 15 November 2016.  The record is now before us for further review and appellant raises two assignments of error, both of which warrant discussion and relief.  We find the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be meritless.

*Matters Submitted by Victim*

Here the government was already in possession of a statement from the victim submitted in accordance with Rule for Courts-Martial [hereinafter R.C.M.] 1105A.  This case was returned to the convening authority because it was unclear from the record whether this statement had been provided to the convening authority and the appellant.  We did not ask for, nor anticipate, the government contacting the victim to obtain an *additional* statement.  In fact, the government appears to have further traumatized the victim by this misstep as well.

The plain language of R.C.M. 1105A makes it abundantly clear it is the crime victim who has the right to submit a statement–not other individuals.[*]  Consequently, it was error for the government to provide the letter from the acquaintance to the convening authority.

---

[*] R.C.M. 1105A(a) states:  A crime victim of an offense tried by any court-martial shall have the right to submit a written statement to the convening authority after the sentence is adjudged.  R.C.M. 1105A(b) defines "crime victim" as:  "a person who has suffered direct physical, emotional, or pecuniary harm as a result of the commission of an offense of which the accused was found guilty, and on which the convening authority is taking action under R.C.M. 1107.

The government defends its decision to include matters submitted by someone other than the accused and the victim of his crime by explaining that the crime victim's statement "specifically incorporates by reference the statement from [the third party that she] met in WTB." The government argues appellant "did not provide an adequate legal basis for why R.C.M. 1105 did not apply. Nor does he do so on appeal." However, neither R.C.M. 1105 nor R.C.M. 1105A apply to individuals other than the accused (R.C.M. 1105) and the crime victim (R.C.M. 1105A) if the victim is at least eighteen years of age.

We are troubled that both the second statement from the victim and the statement from the acquaintance refer to additional trauma caused by the government contacting the victim for an additional statement. The statement from the acquaintance is almost solely focused on how the victim reacted when she received the letter from the government requesting another statement. We find appellant was prejudiced by having this information go to the convening authority without explanation. Appellant should be punished for the consequences of his criminal conduct, not the government's erroneous actions. Accordingly we will grant appropriate relief in our decretal paragraph.

### Erroneous Advice to the Convening Authority

The addendum to the second SJAR, dated 15 November 2016, did not address defense counsel's objections to the additional material submitted by the victim and her acquaintance. Additionally, the addendum stated the convening authority could not disapprove of any finding of guilty and referenced a version of R.C.M. 1107 inapplicable to appellant's case, which the government conceded was error. However, we find this error to be harmless. Appellant was not requesting any of the actions on which the convening authority was erroneously advised. The appellant's clemency request was a straightforward request for his sentence to be reduced from six years confinement to three years. There was nothing in the erroneous advice that would lead the convening authority to believe he did not have the authority to grant the requested relief. Under these facts, we find no colorable showing of prejudice from this erroneous advice.

### Post-Trial Delay

Between the initial action on 7 October 2014 and the initial docketing with our court on 9 February 2015, 125 days elapsed. Then, between the current action on 15 November 2016 and the current docketing with our court on 22 December 2016, thirty-seven days elapsed. The government declined to address the reasons for the combined 162 days it took this court to receive the record of trial after the convening authority took action. (Gov't Br. at 11).

There is a presumption of unreasonable delay where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action. *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience." *United State v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate. As such this court provides relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. On the basis of the errors noted we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for five years and eight months, and reduction to the grade of E-1.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4